UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNEST MOTLEY,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 20-cv-05361-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 28

## INTRODUCTION

Plaintiff is a California prisoner proceeding pro se. He filed this civil rights action under 42 U.S.C. § 1983 against a number of prison officials regarding his health care. Defendants have filed a motion for summary judgment. Although Plaintiff received the opportunity and extended time to file an opposition, and although he was warned about the potential consequences if he did not, Plaintiff has not filed an opposition. For the reasons discussed below, the motion for summary judgment is GRANTED.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

1  issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party
2  has met this burden of production, the nonmoving party must go beyond the pleadings and, by its
3  own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.
4  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact,
5  the moving party wins. *Id*.

6  Where, as here, the motion for summary judgment is unopposed, a district court may grant
7  an unopposed motion for summary judgment if the movant's papers are themselves sufficient to
8  support the motion and do not on their face reveal a genuine issue of material fact. *United States*
9  *v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995).

**II.   Analysis**

Plaintiff claims Defendants violated his rights by denying his request for a "hardship" transfer to another prison closer to his relatives, which he needed to address his mental illness of depression. After reviewing the complaint under 28 U.S.C. § 1915A, the Court found it stated a cognizable claim against Defendants for being deliberately indifferent to this serious medical needs under the Eighth Amendment and for violating his rights under the Americans with Disabilities Act ("ADA").

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992*), overruled in part on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* at 837.

2

1   No reasonable fact-finder could conclude based upon the evidence submitted[1] that
2   Defendants were deliberately indifferent to his depression in denying his request for a hard. To
3   satisfy the Eighth Amendment, Plaintiff would have to show Defendants "were aware" denying
4   his transfer request would pose "a substantial risk of serious harm" to Plaintiff due to his
5   depression and then disregarded that risk by denying the transfer anyway. *Id.* Defendants have
6   presented uncontradicted evidence they did not have access --- due to privacy protections --- to the
7   information from Plaintiff's doctors that a transfer closer to his family members medically
8   indicated by his depression. There is also uncontradicted evidence that under prison procedures,
9   when a transfer is medically recommended, it would have to be pursued with mental health
10  officials, not with classification officials. By requesting the transfer from classification officials,
11  therefore, Plaintiff presented his request in a manner that would suggest to officials that his
12  request was not medically indicated (or else he would be pursuing it with other officials), or at the
13  least he presented it in a manner that prevented officials from having access to his medical records
14  when they reviewed his request. There is no evidence the Defendants were aware of Plaintiff's
15  medical need for a transfer, or that the transfer was necessary to prevent a substantial risk of harm
16  to his mental health. Accordingly, there is no genuine issue of material fact as to whether
17  Defendants were deliberately indifferent to his medical needs in violation of his Eighth
18  Amendment rights.

19  There is also no genuine issue of material fact as to whether Defendants' violated
20  Plaintiff's rights under the ADA. The elements of a cause of action under Title II, which applies
21  to inmates in prisons, are:

> (1) the plaintiff is an individual with a disability;
> (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
> (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and
> (4) such exclusion, denial of benefits, or discrimination was by reason

---

[1] Plaintiff's complaint is not verified, so the unsworn allegations in the complaint cannot be considered as evidence. *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (verified complaint may be used as an opposing affidavit to the extent it based on personal knowledge and sets forth specific facts admissible in evidence).

of the plaintiff's disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  There is no evidence supporting the fourth element, i.e. that Plaintiff's mental health needs was the reason the transfer was denied, or indeed had anything to do with the decision.  In fact, as discussed above, there is no evidence Defendants had any knowledge Plaintiff had a medical need for the transfer, which means Defendants could not have denied the transfer because of those needs.  Accordingly, there is no material issue of fact as to whether Defendants violated Plaintiff's rights under the ADA.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 28) is GRANTED.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 27, 2023

JEFFREY S. WHITE
United States District Judge